**UNITED STATES of America**

v.

**LITTLE BEAVER THEATRE, INC., and
Strand Art, and Mini Theatre, and
George Earl Hansen.**

**No. 71–33–Civ–WM.**

United States District Court,
S. D. Florida.

Jan. 15, 1971.

Robert W. Rust, U. S. Atty., Miami, Fla., for plaintiff.

Shapiro, Fried, Weil & Scheer, Miami Beach, Fla., for defendant.

## ORDER

MEHRTENS, District Judge.

THIS CAUSE came on to be heard pursuant to a motion for the return of seized property filed under Rule 41(e) of the Federal Rules of Criminal Procedure. The pertinent facts necessary for a determination of this motion are as follows:

On October 19, 1970, the Government filed a motion before the Honorable Edward P. Swan, United States Commissioner, requesting that a search warrant be issued for the premises described as "The Strand Art Theatre, 3033 N.W. Seventh Avenue, Miami, Florida". The motion was based upon an Affidavit of Irvin B. Bruce, Special Agent of the Federal Bureau of Investigation. Notice of this hearing was given to all interested parties. The hearing was set for October 21, 1970, at 4:00 P.M.

After said motion was filed, the government filed another motion before the Honorable Ted Cabot, United States District Judge, requesting a Temporary Restraining Order without notice restraining all interested parties from "disposing of, relinquishing possession of, or in any manner cutting, altering, splicing, destroying or mutilating subject motion picture "Turned On Girl" for a period of ten days or until the conclusion of that hearing presently set before the United States Commissioner, Edward P. Swan * * *." Judge Cabot entered the Temporary Restraining Order on October 19, 1970, at 3:45 P.M.

Pursuant to an agreement between the parties, a hearing on the government's motion was heard on October 26, 1970, before the United States Commissioner wherein the government presented the Affidavit of Special Agent Bruce. The movants herein then requested a continuance of said hearing for the purpose of having the Commissioner view the allegedly obscene film and to present further evidence on the issue of obscenity. All during that period of time, the film remained in the possession of the movants subject to the Temporary Restraining Order entered by Judge Cabot.

On November 4, 1970, the parties again appeared before the United States Commissioner at which time the Commissioner viewed the film "Turned On Girl" and heard testimony from four witnesses presented by the movants on the issue of obscenity. At the conclusion of the hearing, the Commissioner found that there was probable cause for the issuance of the search warrant and did issue said warrant. The movants surrendered the film to Special Agent Irvin B. Bruce pursuant to the warrant. The film is presently in the possession of the Federal Bureau of Investigation.

Based upon the above facts, this Court finds that the movants were afforded their First Amendment Rights in conformity with the decisions of the United States Supreme Court in Marcus v. Search Warrant, 367 U.S. 717, 81 S. Ct. 1708, 6 L.Ed.2d 1127 (1961), and A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964)). The Temporary Restraining Order entered by Judge Cabot did not amount to a seizure prior to the adversary hearing, but was properly entered to maintain the status quo. Demich, Inc. v. Ferdon, 426 F.2d 643 (9th Cir. 1970); Bethview Amusement Corp. v. Cahn, 416 F.2d 410 (2nd Cir. 1969).

The Court has reviewed the proceedings before the United States Commissioner and finds there was probable cause to issue the search warrant. The movants claim that at the adversary hearing afforded them by the United States Commissioner, they were entitled to have the government prove that the film, "Turned On Girl" was obscene beyond a reasonable doubt. *Marcus, supra* and *A Quantity of Books, supra,* did not require that the seizure of allegedly obscene material be authorized only upon proof of obscenity beyond a reasonable doubt. In this regard, the Fourth Amendment is controlling, and it requires only proof of probable cause. Demich, Inc., *supra*; Tyrone, Inc., v. Wilkinson, 410 F.2d 639 (4th Cir. 1969).

Thereupon, it is

Ordered and adjudged that the movants' motion for return of seized property be and the same is hereby denied.