UNITED STATES of America,
Plaintiff,

v.

Charles C. BLACK and Allendale
Theatre, Defendants.

UNITED STATES of America,
Plaintiff,

v.

Dewey MICHAELS and Palace
Theatre, Defendants.

UNITED STATES of America,
Plaintiff,

v.

Benjamin F. ABRAMS and Loew's
Teck Theatre, Defendants.

UNITED STATES of America,
Plaintiff,

v.

Kenneth BUNFORD and Genesee
Theatre, Defendants.

UNITED STATES of America,
Plaintiff,

v.

Richard BASFORD and Granada
Theatre, Defendants.

UNITED STATES of America,
Plaintiff,

v.

Gerald ATTENSON and Fine Arts
Theatre, Defendants.

UNITED STATES of America,
Plaintiff,

v.

Terry ADAMS and Village Cinema,
Defendants.

UNITED STATES of America,
Plaintiff,

v.

Richard MYERS and Capri Art Theatre,
Defendants.

Misc. Crim.

United States District Court,
W. D. New York.

Feb. 8, 1973.

John T. Elfvin, U. S. Atty. (Anne M. Srebro and Roger P. Williams, Asst. U. S. Attys., Buffalo, N. Y., of counsel), for the Government.

Lipsitz, Green, Fahringer, Roll, Schuller & James, Buffalo, N. Y. (Michael J. Brown, Buffalo, N. Y., of counsel), for defendants Charles C. Black, Allendale Theatre, Kenneth Bunford, Genesee Theatre, Richard Basford and Granada Theatre.

Kassner & Detsky, New York City (Herbert S. Kassner, New York City, of counsel), Heller & Ramm, Buffalo, N. Y. (Edward Heller, Buffalo, N. Y., of counsel), for defendants Dewey Michaels and Palace Theatre.

Kassner & Detsky, New York City (Herbert S. Kassner, New York City, of counsel), David G. Jay, Buffalo, N. Y., for defendants Benjamin F. Abrams, Loew's Teck Theatre, Terry Adams, Village Cinema, Richard Myers and Capri Art Theatre.

Gilbert H. Deitch, Atlanta, Ga., and Doyle, Diebold & Bermingham, Buffalo, N. Y. (Joseph D. Bermingham, Jr., Buffalo, N. Y., of counsel), for defendant Gerald Attenson.

CURTIN, District Judge.

At approximately 5:00 P.M. on January 31, 1973 the United States Attorney made an *ex parte* application to this court for orders (1) requiring the defendants to show cause before the United States Magistrate at noon on February 1, 1973 why search warrants should not issue for certain films described in affidavits offered in support of the application, and (2) restraining the defendants from removing the films from the Western District of New York or from destroying, mutilating or altering them.

The court's decision on the application took into account several considerations. First, the affidavits indicated that the films might constitute the means of committing violations of 18 U.S.C. §§ 1462 and 1465 subject to search and seizure under Rule 41(b)(2) of the Federal

Rules of Criminal Procedure, or evidence of such violations subject to search and seizure under 18 U.S.C. § 3103a. Second, the court was aware of the requirement that, prior to seizure of an allegedly obscene motion picture film, there be held an adversary hearing at which the person from whom seizure of the film was contemplated be given an opportunity to contest the issue of obscenity. *See* Astro Cinema Corp. Inc. v. Mackell, 422 F.2d 293, 294–296 (2d Cir. 1970); Bethview Amusement Corp. v. Cahn, 416 F. 2d 410, 411–412 (2d Cir. 1969), cert. denied, 397 U.S. 920, 90 S.Ct. 929, 25 L. Ed.2d 101 (1970). Finally, the court remembered a previous case before this court, Jodbor Cinema, Ltd. v. Sedita, 309 F.Supp. 868 (W.D.N.Y.1970), in which an employee of one of the defendants herein substituted a different film for the one sought to be seized. The court concluded that the procedure provided in the orders would protect the interests of both the United States Attorney and the defendants, for it would give the former an opportunity to apply to the Magistrate for search warrants and, at the same time, give the latter an opportunity to have adversary hearings on the issue of obscenity. The court also decided that, in view of the possibility of removal or alteration of the films, temporary restraining orders limited in scope and time constituted appropriate relief.

The orders signed by the court were served on the defendants or their representatives during the evening of January 31, 1973. When the parties appeared before the Magistrate the next day, the United States Attorney indicated that he was ready to proceed with the hearings, but the defendants requested an adjournment. With the agreement of the parties, the Magistrate adjourned the hearings until 11:00 A.M. on February 6, 1973 and directed that the temporary restraining orders remain in force.

When the parties returned to the Magistrate on the adjourned date, the defendants indicated that they wished to argue before the court the legality of the January 31 orders. So informed by the Magistrate, the court recessed the trial in progress before it in order to hear the defendants' arguments. The major arguments were that the orders, which had been assigned civil action numbers by the Clerk, were insufficient to confer civil jurisdiction on the court, that, even if the orders were considered criminal rather than civil in nature, no authority existed for their issuance, and that the temporary restraining orders violated First Amendment principles. Mr. Kassner indicated to the court that he desired to file a written brief. After hearing the defendants' arguments, the court gave the parties until February 7, 1973 to submit motions and briefs, which have been considered by the court in reaching this decision. The court indicated to the parties that a decision would issue forthwith and that they should be ready to proceed promptly before the Magistrate.

■■■■ The defendants are correct in asserting that the January 31 orders were insufficient to confer civil jurisdiction on the court. "A civil action is commenced by filing a complaint with the court," Fed.R.Civ.P. 3, and a civil action must be properly commenced before a valid order can be entered therein. *See* 2 J. Moore, Federal Practice ¶ 3.04, at 712–715 (2d ed. 1970), and the cases cited therein. The category in which the Clerk files a paper is, however, not necessarily determinative of the nature of the proceeding to which the paper pertains. The January 31 orders were ancillary to applications for search warrants made pursuant to Rule 41 of the Federal Rules of Criminal Procedure. They and the other papers in the instant cases should therefore be considered as miscellaneous criminal proceedings for purposes of filing with the Clerk, and the Clerk is directed to refile them in such a manner. As a consequence of the foregoing, the defendants' motions to dismiss the instant cases made pursuant to Rule 12(b) of the Federal Rules of Civil Procedure are denied.

■ It is undisputed that this court and the Magistrate are authorized to issue search warrants. *See* Fed.R.Crim.P. 41(a). The procedure contemplated by the January 31 orders simply eliminates the *ex parte* character of the procedure available under Rule 41 to obtain a warrant so that the procedure comports with the requirement of an adversary hearing to determine obscenity imposed by cases such as A Quantity of Books v. Kansas, 378 U.S. 205, 210–211, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964); Marcus v. Search Warrant, 367 U.S. 717, 735–736, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961); Astro Cinema Corp. Inc. v. Mackell, *supra*; and Bethview Amusement Corp. v. Cahn, *supra*. The procedure, which has been followed by several federal district courts, *see* United States v. One Carton Containing Quantity of Paperback Books, 324 F.Supp. 957 (N.D.Ga.1971); United States v. Little Beaver Theatre, Inc., 324 F.Supp. 120 (S.D.Fla.1971); United States v. Berger, 325 F.Supp. 249 (W.D.Mo.1970); United States v. Strand Art Theatre Corp., 325 F.Supp. 256 (W.D.Mo.1970), has the approval of at least one higher court judge. The concurring opinion in Maizels v. Van Hoomissen, 429 F.2d 982 (9th Cir. 1970), a case affirming a district court decision requiring the return of films seized without a prior adversary hearing, stated as follows in pertinent part:

> Obviously the police cannot be permitted to proceed in terrorem. But it would seem that a magistrate could invent a hearing to show cause why a search warrant should not issue. Then the magistrate could look at the film before issuing his warrant.

Although *Maizels* involved a seizure by state officials, its rationale is readily applicable to the federal context.

■ Turning to the defendants' final point, the court does not believe that it erred in including temporary restraining provisions in its January 31 orders. The inclusion finds support in the last paragraph of Bethview Amusement Corp. v. Cahn, *supra*, 416 F.2d at 412, where the court stated as follows:

Finally it is suggested that unless the police or other local authorities have actual possession of the film pending the required adversary proceeding, the distributor may take advantage of the delay, for example, by shipping the film out of the jurisdiction or by cutting out the offending scenes. If there is a real threat of such activity it can be controlled by an ex parte restraining order.

The propriety of an *ex parte* restraining order was reemphasized in Astro Cinema Corp. Inc., *supra*, 422 F.2d at 296, and other courts have noted the technique with approval. *See* Maizels v. Van Hoomissen, *supra* (concurring opinion); United States v. Alexander, 428 F.2d 1169, 1176 (8th Cir. 1970); Demich, Inc. v. Ferdon, 426 F.2d 643, 646 (9th Cir. 1970), vacated, 401 U.S. 990, 91 S.Ct. 1223, 28 L.Ed.2d 528 (1971); United States v. Little Beaver Theatre, Inc., *supra*, 324 F.Supp. at 121. The temporary restraining provisions of the January 31 orders were no more than restraints "limited to preservation of the status quo for the shortest fixed period compatible with sound judicial resolution." Freedman v. Maryland, 380 U. S. 51, 59, 85 S.Ct. 734, 739, 13 L.Ed.2d 649 (1965). *See also* G. I. Distributors, Inc. v. Murphy, 469 F.2d 752 (2d Cir. 1972), at 756–757.

At no time during the pendency of these proceedings has any of the defendants brought to the court's attention any facts indicating that anyone has been deprived of the right to exhibit or to view the films in question. During oral argument there was a general intimation that the prohibition against removal might inhibit someone's First Amendment rights, but no supporting facts were brought forth. The court offered to hear a motion for an order requiring the United States Attorney to make copies of the films so that no planned exhibitions would have to be cancelled, but none of the defendants requested such an order.

After the court had had an opportunity to read the briefs submitted by the

parties, it gave telephonic notice to all counsel to be present in court at 11:15 A.M. on February 8, 1973 and to be ready to proceed with the hearings before the Magistrate. The parties are directed to so proceed. All questions concerning procedure are to be decided by the Magistrate, who shall determine in each case whether there exists probable cause to issue the search warrant sought by the United States Attorney.

So ordered.